UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Douglas Nelson Warsaw,

    Plaintiff,

v.                                       Case No.  11-14872
                                          Honorable Sean F. Cox

Commissioners of Social Security,

    Defendant.
_____/

## ORDER
## ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

Plaintiff Douglas Nelson Warsaw ("Plaintiff") brought this action seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  Thereafter, the matter was referred to Magistrate Judge Mona K. Majzoub for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and Report and Recommendation pursuant to § 636(b)(1)(B) and (C).

Thereafter, the Commissioner filed a Motion for Summary Judgment and Plaintiff filed a Motion For Remand Pursuant To Sentence Four.  In a Report and Recommendation ("R&R") issued on January 23, 2013, Magistrate Judge Majzoub recommended that this Court: 1) Deny Plaintiff's Motion For Remand Pursuant To Sentence Four; and 2) Grant the Commissioner's Motion for Summary Judgment, affirming the findings and conclusions of the Commissioner.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after

1

being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On February 6, 2013, Plaintiff filed timely objections to the R&R. (Docket Entry No. 15). Plaintiff asserts three objections to the R&R, which will be addressed in turn.

First, Plaintiff objects to the findings of the R&R regarding the assessment of Plaintiff's credibility by the ALJ. (Pl.'s Objs. at 1-4). That is, Plaintiff objects to the Magistrate Judge Majzoub's conclusion that Plaintiff failed to show that the ALJ's assessment of Plaintiff's credibility was flawed.

Contrary to Plaintiff's assertion in his Motion for Remand that the ALJ's opinion fails to articulate the reasons for the finding of lack of credibility, the Court finds that the ALJ's decision does contain specific, articulated reasons for her credibility finding. Magistrate Judge Majzoub noted and discussed those reasons in her R&R. This Court agrees with Magistrate Judge Majzoub's conclusion that the ALJ's credibility assessment should not be disturbed.

Second, Plaintiff objects to the findings of the R&R regarding the assessment by the ALJ of the medical and non-medical opinions. (Pl.'s Objs. at 4-6). Plaintiff's Motion for Remand set forth three arguments in support of his request for remand. At pages 15-19 of the R&R, Magistrate Judge Majzoub addressed the second argument set forth in Plaintiff's motion. Plaintiff now objects that the R&R "does not actually address the issue as frame by the Plaintiff in his motion." (Pl.'s Objs. at 5).

The Court disagrees; the R&R addressed the arguments made by Plaintiff. And the Court agrees with Magistrate Judge Majzoub's analysis and her conclusion that the ALJ gave good

reasons for the weight she attributed to the opinions of Dr. Pestrue, Mr. Troester, and Mr. Hardy. The ALJ's assessment of these opinions is supported by substantial evidence.

Third, Plaintiff objects to the finding in the R&R that the hypothetical posed by the ALJ to the Vocational Expert accurately portrayed Plaintiff's limitations. (Pl.'s Objs. at 7-8). Here, Plaintiff argues that "*if* one is to accept the assessment of Dr. Pestrue that the Plaintiff's limitations as to concentration, persistence and pace were marked," then the hypothetical is defective. (Pl.'s Objs. at 7). (emphasis added). But, again, this Court agrees with the Magistrate Judge that the ALJ provided good reasons for the weight accorded to the opinions of Dr. Pestrue (ie., giving his opinion less weight because it was not entirely consistent with the medical evidence of record). The Court therefore finds this objection without merit. The Court agrees that the ALJ's hypothetical question accurately accounts for Plaintiff's limitations.

Accordingly, the Court finds Plaintiff's objections without merit. IT IS ORDERED that the January 23, 2013 R&R is hereby ACCEPTED AND ADOPTED.

IT IS ORDERED that Plaintiff's Motion for Remand IS DENIED. IT IS FURTHER ORDERED that the Court GRANTS the Commissioner's Motion for Summary Judgment and AFFIRMS the findings and conclusions of the Commissioner

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 11, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 11, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager